HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY CAREY and CELESTE CAREY, husband and wife and the marital community composed thereof, and CAREY TRAVEL, INC., a Washington corporation.<br><br>Defendants. | Case No. C07-5711 RBL<br><br>ORDER DENYING DEFENDANT'S AMENDED MOTION TO DISMISS CERTAIN CLAIMS |

This matter comes before the Court on Defendant's Amended Motion to Dismiss Certain Claims for failure to state a claim. [Dkt. #s 5 and 9]. We have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Court has reviewed the materials submitted in support of, and in opposition to, the motion to dismiss. For the following reasons, the motion is DENIED.

### Standard for Motion to Dismiss

While a complaint attacked by a Rule12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the cause of action will not do. *Bell Atl. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Factual allegations must be

enough to raise a right to relief above a speculative level. *Id.* at 1965. Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the contents of the complaint and all allegations of material fact must be taken as true and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).

**Facts**

Plaintiff, Alaska Airlines, is a major U.S. carrier. To encourage travel, Alaska operates a frequent flyer program, the Alaska Airlines Mileage Plan Program. [Compl. Dkt # 1, Amend. Compl. Dkt #19 at 2]. The Plan allows its members to create an account that tracks credits, or Mileage Plan Miles, based on miles flown and other means. [*Id.* at 2]. Alaska offers Plan members the opportunity to obtain free travel in consideration for their accumulation of Miles and compliance with rules, terms, and conditions of the Plan. [*Id.*]. One of the terms and conditions is a "no-sale" rule that prohibits members from selling, purchasing, or bartering Award tickets or Miles and that such Award tickets or Miles are void if transferred for cash or other consideration. [*Id.* at 3, 22]. Members accept all rules, terms, and conditions upon enrollment in the program, and upon booking an Award ticket. [*Id.*].

The Complaint alleges that the Defendants, with express knowledge of the Plan rules, operate a scheme that purchases Miles from Plan members, redeems the Miles for Award tickets, and then sells the wrongfully-purchased Award tickets to Alaska's customers for a profit, all without compensating Alaska. [*Id.* at 4-6]. Plaintiff also asserts that Defendants pay members to redeem Miles or Awards in the name of Defendants' customers, under the guise that the customer is a friend or relative in order to circumvent the no-sale rule. [*Id.*]. The Complaint alleges past and continued irreparable harm and economic injury due to Defendants' activities. [*Id.* at 6]. Plaintiff filed suit against Defendants alleging eight causes of action based on fraud, contract, and tort liability theories. Plaintiff seeks to enjoin Defendants from continuing the operation of their scheme plus damages. Defendants have moved to dismiss seven of the eight claims solely on the basis that a contract never existed between Plan members and Alaska, arguing that the terms and conditions of the Plan are illusory and unconscionable, and that therefore no liability premised on the existence of a valid contract could follow. [Dkt. #9].

**Discussion**

Taking the facts in a light most favorable to the nonmoving party, Plaintiff has sufficiently stated claims that, if proven, would entitle it to relief above a speculative level. *See Twombly*, 127 U.S. at 1965. The Court has considered Defendants argument that the contract between Alaska and its Mileage Plan members was illusory and unconscionable.  Under the federal rules of pleading and the standard to be applied at the 12(b)(6) stage, it cannot be concluded that a motion to dismiss is appropriate on either basis. Defendants may proceed with discovery on these issues and, should they choose to do so, file a motion for summary judgment.  Defendants' Amended Motion to Dismiss Certain Claims is DENIED.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE