HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BRADLEY CAREY and CELESTE CAREY, husband and wife and the marital community composed thereof, and CAREY TRAVEL, INC., a Washington corporation.<br><br>        Defendants. | Case No. C07-5711 RBL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION TO CERTIFY FOR IMMEDIATE APPEAL |

This matter comes before the Court on Defendants' Motion For Reconsideration of Denial of Motion to Dismiss Certain Claims. [Dkt. # 22]. In the alternative, Defendants ask the court to Certify the issue for Immediate Appeal under 28 U.S.C. §1292(b). For the reasons that follow, both requests are **DENIED.**

Defendants sought dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), arguing that because the contract attached to the Plaintiff's complaint was illusory and unenforceable as a matter of law, the Plaintiff had failed to state a claim upon which relief could be granted.

Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 1974. Dismissal under

Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

The Court applied this standard to Defendants' Motion and concluded that the Plaintiff *had* stated claims upon which relief could be granted. It therefore denied the Defendants' Motion. [See Order at Dkt. # 20].

Defendants now seek Reconsideration of this Order, arguing that the validity of the alleged contract is a question of law, and that further discovery would not produce relevant evidence. [*See* Dkt. # 22 at 1]. Defendants voice their concern that the Court did not "look[] at, review[], or carefully study" the contract in question. [*Id.* at 6]. They reiterate their position that the contract is illusory. [*Id.* at 4].

First, the Court's review of the pleadings placed at issue by the Defendants' Motion included the contract attached to and incorporated into the complaint. The contract was properly treated as part of the complaint for purposes of the 12(b)(6) motion. *See* Fed. R. Civ. P. 10(c). Indeed, the Court referenced specific contractual provisions in its Order.

Second, the Defendants' contention that the contract is illusory and therefore unenforceable as a matter of law is incorrect. "A contract is illusory when its provisions make performance optional or discretionary." *Cascade Auto Glass, Inc. v. Progressive Ins.*, 135 Wn. App. 760, 770 (2006). Defendants suggest that the provision allowing Plaintiff to modify the terms and conditions would permit it to eliminate the 180-day termination notice provision and "retroactively discontinue the 'Plan' entirely, without further notice, at a time of its choosing, with no consideration whatsoever payable to the member." [Dkt. # 22 at 4]. However, a court will "not give effect to interpretations that would render contract obligations illusory." *Taylor v. Shigaki*, 84 Wn. App. 723, 730 (1997) (citing *Kennewick Irr. Distr. v. U.S.*, 880 F.2d 1018, 1032 (9th Cir. 1989) ("Preference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would make the contract illusory") (citations omitted)).

Contract provisions reserving one party's right to cancel or terminate are valid and do not render the promisor's promise illusory, where the option can be exercised upon the occurrence of specified conditions [such as providing notice]. *See Omni Group, Inc. v. Seattle First Nat'l Bank*, 32 Wn. App. 22,

28 (1982) (citing 1A A. Corbin, Contracts § 265 (1963)).  If Plaintiff Alaska were to "modify the terms" of the contract to eliminate the notice provision, and then terminate the contract at its sole discretion, a Plan member might persuasively argue that the contract as interpreted by Alaska was illusory.   That is not this case.

The Defendants' Motion for Reconsideration  [Dkt. # 22] is **DENIED**.  The Defendants' alternative Motion to Certify for Appeal under 28 U.S.C. § 1292(b) is also **DENIED,** as they have not met their burden under this statute for obtaining interlocutory review of the Court's prior Order.


IT IS SO ORDERED.

Dated this 15th day of April 2008.



RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3