HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY CAREY AND CELESTE CAREY, Husband and wife and the marital community composed thereof, and CAREY TRAVEL, INC., a Washington corporation <br><br> Defendants, Counterclaimants and Third Party Plaintiffs, <br><br> v. <br><br> KYLE LEVINE; ANN ARDIZZONE; and POINTS INTERNATIONAL LTD., <br><br> Third Party Defendants. | No. C07-5711 RBL <br><br> ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court upon Plaintiff's 12(b)(6) Motion to Dismiss Defendants' counterclaims [Dkt. #29 ], Third-Party Defendant Ardizonne's Motion to Dismiss, and the remaining Third-Party Defendants' Joinder in Plaintiff's Motion to Dismiss [Dkt # 37 ,42]. The Court has reviewed the materials submitted in support of, and in opposition to, the motions. For the following reasons, the court GRANTS Plaintiff's Motion to Dismiss in part and DENIES it in part, and GRANTS the Third-Party Defendant Ardizzone's Motion to Dismiss.

ORDER - 1

The Court will permit Third-Party Defendant Levine to Join in Ardizzone's Motion to Dismiss and therefore DENIES Defendants' Motion to Quash Levine's Joinder.  Defendants' third party claims against Levine are DIMISSED.  The court GRANTS Defendants' Motion to Quash Points.com's Joinder, without prejudice to Points.com's ability to revisit the issue.

## II. JURISDICTION

This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §1331 because a number of Alaska claims arise under 18 U.S.C. §1030.  The Court has supplemental jurisdiction over Alaska's state law claims under 28 U.S.C. § 1367(a).

## III. BACKGROUND

Plaintiff, Alaska Airlines ("Alaska"), is a major U.S. air carrier. In order to encourage travel and customer loyalty and goodwill, Alaska operates a frequent flyer program, the Alaska Airlines Mileage Plan Program.  [Compl. Dkt #1, Amend. Compl. Dkt #19 at 2].  The Mileage Plan is a membership-based program in which Alaska offers its customers the opportunity to become members by establishing a Mileage Plan account that tracks credits called Mileage Plan Miles ("Miles"), based on the mileage of flights flown by a customer.  [*Id.* at 2].  Participants in the Mileage Plan program may also earn Miles using Bank of America credit cards "co-branded" with Alaska Airlines, or by purchasing goods and services from specific entities that have arrangements with Alaska Airlines. [Ans. Dkt # 21 at 15].

Alaska offers Plan members the opportunity to obtain free travel in consideration for their accumulation of Miles and compliance with rules, terms, and conditions of the Plan.  [Compl. Dkt #1, Amend. Compl. Dkt #19 at 2].  One of the terms and conditions is a "no-sale" rule that prohibits members from selling, purchasing, or bartering Award tickets or Miles and that such Award tickets or Miles are void if transferred for cash or other consideration. [*Id.* at 3, 22]. Members accept all rules, terms, and conditions upon enrollment in the program, and upon booking an Award ticket. [*Id.*].

Defendants Bradley and Celeste Carey operate Defendant Carey Travel, a travel agency. Alaska's Complaint alleges that the Defendants, with express knowledge of the Plan rules, operate a scheme to purchase Miles from Plan members, redeem the Miles for Award tickets,

ORDER - 2

and then sell the wrongfully-purchased Award tickets to Alaska's customers for a profit, all without compensating Alaska. [*Id.* at 4-6]. Defendants claim that the Miles are an asset that may be sold, bartered or exchanged in a free market just like any other personal asset. [Ans. Dkt #21 at 17].

Beginning in March 2007, Alaska began penalizing members it suspected of selling their Miles through Carey Travel by freezing the members' accounts, as well as refusing to permit those customers to board the aircraft. [*Id.*]. Plaintiffs filed suit against Defendants alleging eight causes of action based on fraud, contract, and tort liability theories. [Compl. Dkt #1, Amend. Compl. Dkt #19 at 2]. Plaintiffs seek to enjoin Defendants from continuing the operation of their business, as well as damages. Defendants moved to dismiss these claims, arguing that Alaska's Terms and Conditions are illusory and unconscionable. [Def. Amend. Motion to Dismiss #9 at 2]. The Court denied the motion to dismiss. [Dkt #20].

Defendants answered the complaint and asserted counterclaims against Alaska and third-party claims against Ms. Ardizzone, Mr. Levine, and Points.com. Defendants allege antitrust violations, fraud, attempt to monopolize, violations of the Robinson-Patman Act, as well as various State law claims.

Ms. Ardizzone is the former Managing Director for Customer Experience and Alaska's current Vice President, Inflight Services. Defendants seek to impose personal liability upon Ms. Ardizonne, as an agent of Alaska, for allegedly violating the Antitrust Laws of the United States by restricting, restraining and attempting to monopolize the market for the purchase, sale and exchange of Alaska's frequent flyer Miles. Defendants allege that Ms. Ardizzone denied Defendants the right to travel on Alaska flights at any time. [Carey's Resp. to Ardizzone's Motion to Dismiss Dkt #46 at 3]. Defendants' claims against Ms. Ardizzone stem from her letter to Defendant Brad Carey, informing him that his activities violated the Mileage Plan Conditions. Ardizzone demanded that he desist, informed him that Alaska would no longer do business with him, and that customers who booked flights through him would no longer be welcome on Alaska flights. [*Id.*]. Ardizzone asks the Court to dismiss the third-party claims against her, claiming

that she acted only in the course of her employment and that Defendants have not sufficiently alleged facts supporting personal liability. [Ardizzone Motion to Dismiss Dkt #37 at 2].

Mr. Levine is Alaska's Senior Attorney for Commercial & Regulatory Law.  Defendants also seek to impose personal liability upon Mr. Levine for allegedly participating in a conspiracy to eliminate brokers and intra-brand competition in the market for Miles, as well as monopolization of the secondary market, fraud, interference with contractual expectancy, and defamation.  Defendants allege that Mr. Levine expressly told Carey Travel that no member is permitted to pay Carey Travel a commission for making travel arrangements, and that Carey could not use his credit cards to purchase travel from Alaska. [Ans. Dkt #21 at 28].  Defendants also allege that Mr. Levine instructed Points.com not to do business with Carey. [*Id.*].  Mr. Levine seeks to join Alaska's and Ms. Ardizzone's Motions to Dismiss Defendants' claims.  Defendants objected, and moved to Quash the Joinder, claiming it was untimely and that Levine's Joinder is based on factual allegations that should not be considered in this motion. [Motion to Quash Dkt #44 at 3].

Alaska has contracted with Points.com, and permits Points.com to broker Alaska's Miles on the Internet. [Pl. Motion to Dismiss Counterclaims Dkt #29 at 12-15].  Defendants claim that Alaska has conspired with Points.com to eliminate intra-brand competition by restricting and controlling the secondary market for the brokerage of Alaska Miles. [Ans. Dkt #21 at 31]. Defendants further allege that Points.com, acting pursuant to the directive of Alaska's senior attorney, refused to sell Miles to Carey Travel on any terms, thus foreclosing Carey Travel from the secondary market and violating Section 1 of the Sherman Act. [*Id.* at 33].

Alaska argues that Points.com is a contracted seller of Alaska Miles, and that there is no valid secondary market for these Miles.  It argues that manufacturers are given wide latitude in establishing a manner of distribution and in choosing their distributors. [Pl. Motion to Dismiss Counterclaims Dkt #29 at 12-15].  Alaska denies any conspiracy as Points.com did not participate in establishing the Mileage Plan, and did not attempt to enforce restrictions on the Plan's use on its own initiative. [*Id.*]  Alaska asserts that the "market" in which Defendants seek

to participate is a black market, which would not exist but for the violations of the Mileage Plan terms and conditions. [*Id.*]

Points.com seeks to join Alaska's Motion to Dismiss, claiming it is not involved in the dispute and has only followed Alaska's directives. [Points.com's Joinder Motion to Dismiss Dkt #42 at 2]. Points.com argues that Defendant Carey's allegations fail against them under the 12(b)(6) standard and that Defendants' claims against it should be dismissed.

Defendants oppose this Joinder, alleging that it was untimely under to CR 7(d)(3). [Motion to Quash Dkt #45 at 2]. Defendants also argue that there are substantive differences between Alaska's motion and Point.com's motion. Specifically, Defendants argue that the Airline Deregulation Act, which is the basis for Alaska's primary argument to dismiss Defendants' state law claims, does not apply to Points.com, as it is not an airline. [*Id.*]. Defendants argue that some of Alaska's arguments apply to Points.com and some do not, and request that they have the time allotted under CR 7(d)(3) to properly address how the various claims apply to Points.com.

Points.com opposes Carey's Motion to Quash the Joinder. Points.com argues that its Joinder raises no new arguments. [Points.com Opposition to Motion to Quash Dkt # 52] Points.com points out that no state claims have been raised against it, therefore, the applicability of the Airline Deregulation Act preempting state law claims is inconsequential. [*Id.*]. Points.com asserts that Defendants' only substantive allegation regarding Points.com's conduct is that Points.com refused to sell Alaska Airline Miles to Carey Travel per the instructions of Alaska Airlines, and that this claim is necessarily incorporated in the Defendants' claim against Alaska.

**DISCUSSION**

**1. Alaska's Motion to Dismiss Counterclaims**

A motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be granted only if, accepting all of the allegations of material fact as true, and construed in the light most favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

336, 337-38 (9th Cir. 1996). The plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

Plaintiff moves to dismiss all counterclaims alleged by Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants claim that Alaska Airlines participated in conspiracy, monopolization, and discrimination in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Section 2(c) and 2(e) of the Robinson-Patman Act, 15 U.S.C. §§13(c) and 13(e). Defendants further assert multiple state law counterclaims, including fraud, conversion, defamation, and tortious interference with business expectancy.

Defendants' State law counterclaims are preempted by The Federal Aviation Deregulation Act (ADA), 49 U.S.C. §41713. The ADA preempts state law challenges to the terms and conditions of an airline's frequent flyer mileage plan. *American Airlines v. Wolens,* 513 U.S. 219, 115 S. Ct. 817 (1995). The ADA preempts any attempt to use state substantive law as a means to guide and police the marketing practices of the airlines, including statements regarding their frequent flyer program. *Id.* Therefore, it is not necessary for the Court to discuss the merits of the State law counterclaims. Defendants counterclaim numbers six through ten are preempted, and are DISMISSED.

Further, viewed in the light most favorable to them, Defendants have not alleged a set of plausible facts establishing a conspiracy between airlines or between Mr. Levine, Ms. Ardizzone, and Alaska. A litigant must "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974. Defendants have generally implied that there a conspiracy among airlines, but have not plead any facts to suggest one exists. Furthermore, Ms. Ardizzone and Mr. Levine are employees of Alaska and employees cannot conspire with their employer. *National Flood Servs., Inc. v. Torrent Tech., Inc.,* No. C05-1350Z, 2006 U.S. DIST. LEXIS 34196, at *16-19 (W.D. Wash. May 26, 2006) (Zilly, J.). Consequently, Defendants' First Cause of Action, and the conspiracy aspect of their Second and Third Cause of Actions, is DISMISSED.

With respect to the remaining Antitrust Claims (Defendants' second, third, fourth, and fifth counterclaims, absent the conspiracy aspect), viewing the facts in the light most favorable to the Defendants, Carey Travel assists customers in amassing enough miles to obtain award travel. In their Complaint and Response to Alaska's Motion to Dismiss, Defendants allege that they have never bought nor sold Alaska Mileage Award Tickets and that their assistance to their customers is consistent with the Alaska Mileage Plan. Though Defendants' Response greatly exceeds the Local Rules' page limitation, their counterclaims against Alaska are sufficient to withstand the 12(b)(6) motion, and Alaska's Motion to Dismiss these claims is DENIED.

The court need not address the merits of whether a legitimate secondary market has been created or whether Alaska has taken steps to control this market. These questions turn largely on whether Defendants' conduct fell within the Terms and Conditions of Alaska's Mileage Plan. These are factual disputes which cannot be resolved in a 12(b)(6) motion. Alaska's 12(b)(6) motion to dismiss the Antitrust counterclaims is DENIED.

Alaska also moves for dismissal of Defendants' claim for declaratory judgment. Alaska argues that a carrier's ability to implement and enforce "no sale" rules has been clearly established by the United States Supreme Court. *See*, for example, *Bitterman v. Louisville & Nashville R.R.,* 207 U.S. 205, 221, 28 S. Ct. 91 (1907). The Ninth Circuit has held that this

analysis extends to frequent flyer tickets. *American Airlines, Inc. v. Christensen,* 967 F.2d 410, 415 (10th Cir. 1992). Alaska claims that brokering frequent flyer tickets is unlawful, and the Defendants' claim for declaratory relief fails as a matter of law. [*Id.*].

Defendants respond that this is not the issue upon which they seek declaratory judgment. [Careys' Response to Alaska's Motion to Dismiss Dkt # 48 at 32]. Defendants seek a determination as to whether Carey Travel may lawfully aid its customers in buying and redeeming their Miles. [*Id.*]. They argue that this justiciable dispute has not yet been decided, and seek a determination of the issue in the form of a court determination. [*Id.*].

The Declaratory Judgment Act gives District Courts discretion to entertain an action for a declaratory judgment. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). The Act does not grant litigants an absolute right to such relief. *Public Service Commission of Utah v. Wycoff Co., Inc.,* 344 U.S. 237, 73 S. Ct. 236, 97 L. Ed. 291 (1952).

Here, Alaska's argument – that it has the legal right to implement and enforce no sale rules, and that it can preclude the defendants from doing what it claims they are doing – is the at the core of this dispute. Their motion to dismiss the defendants' counterclaim for a judgment declaring that they CAN do what they are doing is more akin to a summary judgment on the substantive merits of Alaska's own claim. The court is reluctant to grant such relief implicitly by dismissing a counterclaim under Rule 12(b)(6). Alaska's Motion to dismiss Defendants' claim for declaratory relief is therefore DENIED.

Finally, Alaska seeks dismissal of Carey's class action allegation. Defendants seek certification of a class consisting of Defendants and the members of Alaska's Mileage Plan Program who have had their Alaska Mileage Plan accounts seized, frozen, or diminished in value by the actions of Alaska, pursuant to FRCP 23(a) and 23(b)(2) and (3). [Ans. Dkt #21 at 10]. Defendants claim that the members of the Class are so numerous that joinder is impracticable. [*Id.*]. Alaska asserts that Defendants are ticket brokers and Alaska's competitors and cannot possibly represent a class of Mileage Plan members who neither operate a travel brokerage business nor compete with Alaska. [Alaska Motion to Dismiss, Dkt # 29 at35]. Alaska alleges

that Defendants' claims and defenses are not typical of the purported class and, consequently, Defendants cannot adequately protect the interests of the proposed class.

Rule 23(a) imposes prerequisites that must be met for a class action to be certified:

> 1) the class must be so numerous that joinder of all the members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class.

Defendants have not plead (and given their status cannot plead) facts sufficient to establish that they adequately represent Alaska Mileage Plan members' interests. Defendants, who are arguably in competition with Alaska, are not similarly situated to Alaska Airline's customers, who participate in the Mileage Plan. Alaska's Motion to Dismiss the class action counterclaim is, therefore, GRANTED and this claim is DISMISSED.

Finally, the Defendants do not oppose dismissal of their counterclaim for Coercion in Violation of Public Policy, and that claim is similarly DISMISSED.

### 2. Third-Party Defendant Ardizzone's Motion to Dismiss

Ardizzone argues that Carey's claims against her should be dismissed pursuant to 12(b)(6). [Ardizzone Motion to Dismiss, Dkt # 37 at 6]. She asserts that Defendants' counterclaims are ambiguous and fail to implicate Ms. Ardizzone personally. [*Id.*]. Ardizzone contends that this ambiguity alone is grounds for dismissal under FRCP 8(a). Further, Ardizzone asserts that while a corporation's officers may share criminal liability with the corporation, this cannot be a basis for naming the individual defendants in civil actions. *Tunis Brothers Co., Inc. v. Ford Motor Co.,* 1983 U.S. Dist. LEXIS 16078, *2 (E.D. Pa. 1983). Ardizzone alleges that Defendants have plead no specific acts establishing individual liability. Ardizzone argues that conclusory allegations cannot support Defendants' claims against her. [Ardizzone Motion to Dismiss, Dkt # 37 at 6].

Defendants argue that Ardizzone authorized and/or implemented one or more of the unlawful acts complained of by informing Carey that Alaska would deny Carey the right to, at any time, travel on Alaska/Horizon Airlines. [Carey's Response to Ardizz.'s Motion to Dismiss, Dkt #46 at 6]. Defendants argue that Ardizzone can be held personally liable for sanctioning and

implementing Alaska's illegal conduct. *Cott Beverage Corp.v Canada Dry Ginger Ale,* 146 F.Supp 300 (S.D.N.Y. (1956).

An allegation of individual liability must be founded on specific acts. *A&D Supermarkets, Inc. v. United Food & Commercial Workers, Local Union*, 880 732 F.Supp. 770, 779 (N.D. Ohio 1989). The facts pled by Defendants do not rise to the level of specificity required to demonstrate that Ardizzone engaged in conduct leading to personal liability. The acts alleged do not establish a personal violation of the antitrust laws.

A litigant cannot simply recite the elements of a cause of action to avoid dismissal under 12(b)(6). He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*. at 1974. Conclusory allegations without any specification of any particular activities by any particular defendant do not supply facts adequate to show illegality. *In re Elevator Antitrust Litigation,* 502 F.3d 47, 50-51 (2d Cir. 2007).

A complaint alleging an antitrust conspiracy must plead that each individual defendant joined the conspiracy and played some role in it. *In Re OSB Antitrust Litigation,* 2007 U.S. Dist. LEXIS 56573, at *13 (E.D. Pa., Aug. 3, 2007). The only specific actions Plaintiff alleges Ms. Ardizzone personally carried out were her communications to Carey in a letter in which Ardizzone informed Plaintiffs that Alaska would deny them the right to travel. Defendants' allegations do not establish personal liability as they do not establish that Ms. Ardizzone personally joined a conspiracy or played an individual role in it.

Ms. Ardizzone's Motion to Dismiss the Third-Party Claims against her is therefore GRANTED.

### 3. Third-Party Defendants Levine and Points.com's Joinder

Defendants also assert claims personally against Mr. Levine. As noted above, an allegation of individual liability must be founded on specific acts. *United Food & Commercial Workers, Local Union*, 880,732 F.Supp. 770. A litigant cannot simply recite the elements of a cause of action to avoid dismissal under 12(b)(6). He must instead "provide the grounds of his

ORDER - 10

entitlement to relief, which requires more than labels and conclusions." *Twombly,* 127 S.Ct. 1955, 1964-65 (2007).

Defendants do not plead facts sufficient to establish that Mr. Levine was acting independent of his role as Alaska's attorney. An alleged agreement or conspiracy between an employer and its employees fails as a matter of law because employees cannot conspire with their employer. *National Flood Servs., Inc. v. Torrent Tech., Inc.,* No. C05-1350Z, 2006 U.S. DIST. LEXIS 34196, at *16-19 (W.D. Wash. May 26, 2006) (Zilly, J.). Defendants allege that Mr. Levine directed Points.com to not do business with Carey. These actions do not supply a sufficient factual basis for personal antitrust violations. *In Re OSB Antitrust Litigation,* 2007 U.S. Dist. LEXIS 56573, at *13 (E.D. Pa., Aug. 3, 2007). Defendants have not pled sufficient facts to establish that Levine is personally liability for any antitrust violations, even if it ultimately succeeds on its remaining claims against Alaska . Mr. Levine's Joinder in Ardizzone's Motion to Dismiss is therefore permitted, the Motion to Quash his Joinder is DENIED, and the Third Party claims against Levine are DISMISSED.

Finally, Defendants correctly argue that Points.com's Motion to Dismiss is insufficiently similar to Alaska's Motion, and is insufficiently briefed. These arguments, coupled with the resolution of Alaska's Motion to Dismiss, persuade the court to GRANT the Defendants' Motion to Quash Points.com's Joinder, without prejudice to Points.com's ability to revisit this issue under Rule 12(b)(6) or Rule 56.

## CONCLUSION

Plaintiff's Motion to Dismiss Counterclaims is GRANTED in part and DENIED in part. Third-Party Defendant Ms. Ardizzone's Motion to Dismiss is GRANTED. Third-Party Defendant Levine's to Joinder in Ardizzone's Motion is permitted and Defendants' Motion to Quash Levine's Joinder is DENIED. Defendants' claims against Levine are DISMISSED.

Defendant's Motion to Quash Points.com's Joinder is GRANTED, and Points.com's Joinder in Alaska's Motion to Dismiss is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2008.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE