HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY CAREY and CELESTE CAREY, husband and wife and the marital community composed thereof, and CAREY TRAVEL, INC., a Washington corporation,<br><br>Defendants and Third-Party Plaintiffs.<br>v.<br><br>POINTS INTERNATIONAL LTD.,<br><br>Third-Party Defendant | Case No. C07-05711 RBL<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT POINTS INTERNATIONAL LTD.'S MOTION TO DISMISS DEFENDANTS' THIRD PARTY CLAIMS |

## I. INTRODUCTION

THIS MATTER is before the Court on Points International Ltd.'s ("Points") Motion to Dismiss Defendants' third party claims. [Dkt. # 70.][1] For the reasons discussed herein, the Court GRANTS Points' motion and Defendants' third party claims are DISMISSED.

---

[1] This motion is an amendment to Points' Motion to Dismiss Third Party Claims [Dkt. # 63.], which predated Defendants' Amended Third Party Complaint. [Dkt. # 67.]

ORDER
Page - 1

## II. BACKGROUND

Points develops and markets software that allows customer loyalty program operators, such as Alaska Airlines ("Alaska"), to sell "miles" to their members, and permits members to transfer their miles between accounts over the internet. [Dkt. # 70.] Miles are bonus points purchased or earned by Alaska's customers under its frequent flyer program, which customers can redeem for plane tickets and other benefits. *Id*. Points has contracted with Alaska to host and maintain its software service in exchange for being Alaska's exclusive vendor for these services. *Id*. Under the contract Alaska retains sole and exclusive discretion to implement the terms of its frequent flyer program. [Amended Third Party Complaint Dkt. # 67 Ex. A.] Points claims Alaska alone controls the creation, administration, and termination of mileage plan members' accounts. [Dkt. # 70.]

Alaska claims that Defendant Carey Travel operates as an unauthorized broker of Alaska's frequent flyer miles. [Amended Complaint Dkt. # 19.] Alaska filed suit on December 27, 2007 alleging that Defendants' activities violated federal and state law. [Complaint Dkt. # 1.] The Careys and Carey Travel denied any wrongdoing and filed a counterclaim against Alaska and a third party complaint against Points International, Ann Ardizonne and Kyle Levine, on March 28, 2008. [Dkt. # 21.] Defendants claim that Alaska and the third party defendants violated federal antitrust and various Washington State laws. *Id*.

Alaska moved to dismiss Defendants' Third Party Complaint and Counterclaims, joined by Points, Ardizonne, and Levine. [Dkt. # 29.] The Court dismissed all conspiracy and state law claims against Alaska, and all claims against Ardizonne and Levine. [Order Dkt. # 61.] The Court denied Points' motion to join without prejudice because the issues had been insufficiently briefed. *Id*. Points subsequently filed its own motion to dismiss [Dkt. # 63.], and Defendants responded by filing an Amended Third Party complaint which attempted to address the issues raised by Points' Motion. [Amended Third Party Complaint Dkt. # 67.]

Points has now filed a revised Rule 12(b)(6) Motion to Dismiss Defendants' Amended Third Party Complaint, arguing that the amendments did not cure the problems of the original Third Party Complaint and that the Court has already dismissed all conspiracy-related claims made against Alaska. [Dkt. # 70.] Defendants respond that Points engaged in a conspiracy with Alaska and other airlines, and that Points' actions have violated anti-trust laws. [Dkt. # 77.] Points replies that Defendants have yet to articulate claims for which relief can be granted. [Dkt. # 79.]

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be granted only if, accepting all of the allegations of material fact as true, and construed in the light most favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 1974. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

Defendants Careys and Carey Travel argue that the *Twombly* standard does not apply to the instant case. This is incorrect. The Ninth Circuit has repeatedly applied *Twombly* to 12(b)(6) motions beyond those of cases involving 'conscious parallelism.'[2] [Dkt. # 77.] Furthermore, the *Twombly* standard has already been applied to similar claims against Alaska in the instant case. [Order Dkt. # 61.] The Careys' claims must meet the *Twombly* standard to survive a 12(b)(6) Motion.

## IV. DISCUSSION

### a. Inter-Airline Conspiracy

Defendants claim that Points engaged in an unlawful inter-airline conspiracy with various airlines,

---

[2]*Twombly* is now accepted as a "straight" pleading standard, not just for specific kinds of anti-trust claims. *See Kendall v. Visa U.S.A.*, Inc., 518 F.3d 1042, 1046-47 (9th Circuit 2008); *Korea Kumho Petrochemical v. Flexsys Am. LP*, 2007 U.S. Dist. LEXIS 61373 at 8 (N.D. Cal. Aug 4, 2007); *Cargill v. Budine*, 2007 U.S. Dist. LEXIS 65726 at 6, 24 (E.D. Cal. 2007).

including Alaska, to preclude vendors such as Carey Travel from participating in the frequent flyer mile market. [Amended Third Party Complaint Dkt. # 67.] Points argues that the court has already dismissed Defendants' conspiracy causes of action asserted in the Carey's first Third-Party Complaint, and that the most recent Complaint does not contain any new foundation for a claim of unlawful conspiracy. [Dkts. # 70, 79.]

A party may not conspire with itself. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767-68 (1984). The amended pleading contains factual allegations of a conspiracy between Alaska and Points for the elimination of outside brokers. [Amended Third Party Complaint Dkt. # 67.] However, the Court has already dismissed all conspiracy claims and conspiracy-related aspects of Defendants' non-conspiracy claims against Alaska. [Order Dkt. # 61.] Points has not engaged in a conspiracy with Alaska.

Nevertheless, Defendants initially argued that Alaska's "code share" agreements, whereby a flight is jointly marketed as a flight for one or more other airlines, and frequent flyer mile alliances with other airlines, are "per se" illegal under the Sherman Act. [Amended Third Party Complaint Dkt. # 67.] Defendants later concede that these alliances are not "per se" illegal, but argue that the specific agreement between Points and Alaska is illegal. [Dkt. # 77.] Defendants' claims, however, allege a conspiracy between Alaska and other airlines to set fare prices, not a conspiracy between Alaska and Points. *Id*. One cannot infer from these facts that Points engaged in a conspiracy with a completely different set of airlines to eliminate frequent flyer brokers.

Defendants have not pled any facts in their claims for which relief can be granted. Defendants Inter-Airline Conspiracy claims are DISMISSED.

**b. Elimination of Intra-Brand Competition**

Defendants claim that Points is a reseller of Alaska frequent flyer miles, and Points conspired with Alaska to eliminate intra-brand competition for these miles. [Amended Third Party Complaint Dkt. # 67.] Defendants argue that Points' sworn 2007 40F SEC filing[3] states that Points assumes all credit and inventory risks associated with purchased Alaska miles. *Id*. These risks allegedly encompass all aspects of the frequent flyer plan, making Points an equal partner in the conspiracy. *Id*. Defendants also argue that Points has similarly contracted with multiple airlines to broker their miles, eliminating price competition for those miles and leaving

---

[3] This is a financial statement Points is required to file yearly with the U.S. Securities and Exchange Commission, and is used by investors and financial analysts for information on and evaluation of the company.

Points at risk of loss from competition by Carey Travel. *Id*. Points again argues that the court has dismissed all conspiracy-related claims against Alaska, and that Points was contractually required to comply with the terms of Alaska's plan when excluding Carey Travel.[4] [Dkt. # 70.]

Defendants have not pled any facts alleging that Points has conspired with other airlines beyond Alaska. Defendants allege that Points eliminated competition in other frequent flyer markets. [Dkt. # 77.] Defendants do not, however, plead any specific facts or even participate in those markets themselves. *Id*. Additionally, Defendants' factual allegations establish only the existence of an exclusive distributorship agreement between Alaska and Points, which is not itself an antitrust violation. *See Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 735 (9th Cir. 1987). Although Points was given some contractual flexibility when reselling Alaska's miles, Defendants' Counterclaim alleges Alaska, and not Points, told the Careys they could not sell or purchase miles. [Amended Third Party Complaint Dkt. # 67.] Furthermore, the terms and conditions of Alaska's mileage plan cited by Defendants state that Alaska has "sole discretion" to suspend or terminate a member's account. *Id*. Points could not have engaged in a conspiracy because they were not able to sell miles to Defendants after Alaska had terminated Defendants' accounts. [*Id*. at Ex. 2.]

Defendants have not met their burden under *Twombly*, and their conspiracy to eliminate intra-brand competition claim is DISMISSED.

**c. Monopolization or Conspiracy to Monopolize**

Defendants argue that Alaska and Points have (1) conspired to unreasonably restrain trade in violation of Section 1 of the Sherman Act , and (2) monopolized and conspired to monopolize the secondary market of Alaska frequent flyer miles in violation of Section 2 of the Sherman Act. [Amended Third Party Complaint Dkt. # 67.] Defendants allege that Points and/or Alaska acted as a monopoly when they chose to raise the price of miles despite an oversupply of unused miles among customers. *Id*. Points replies that the court has dismissed the conspiracy claims against Alaska, and that Defendants allege that Alaska, not Points, has a monopoly over the market.[Dkts. # 70, 79.] Points further replies that Defendants' factual allegations point towards a conspiracy between different airlines, not Points, to monopolize the market. [Dkt. # 79.]

---

[4]Defendants argue that Points has not produced their contract with Alaska, and cannot under a rule 12(b)(6) motion, therefore Points cannot argue that their actions were required under the terms of the contract. To the extent that Points attempts to use this contract, Defendants' arguments are well taken. However, many of Points' arguments hinge on the language of Alaska's mileage membership plan quoted in Defendants' Third Party Complaint, not Points' outside contract. [Amended Third Party Complaint Dkt. # 67.]

Once again, Points cannot conspire with itself. Additionally, Defendants' Third Party Complaint states that Alaska "has a monopoly over the market." [Amended Third Party Complaint Dkt. # 67.] Points by definition cannot have a monopoly if Alaska has one. Moreover, Points cannot participate in the market for Alaska miles outside of its contract with Alaska, as Alaska has sole discretion to allow or terminate all accounts. *Id.* Finally, the Court has dismissed claims alleging a conspiracy on behalf of the alleged monopolizer. [Order Dkt. # 61.] Defendants do not plead any facts which push their claims across the line from conceivable to plausible.

Defendants' monopolization or conspiracy to monopolize claims against Points are therefore DISMISSED.

### d. Robinson-Patman Act Violations

Defendants claim that Alaska and Points engaged in an unlawful brokerage agreement in violation of Section 2(c) of the Robinson-Patman Act and unlawful discrimination in violation of Section 2(e) of the Act. [Amended Third Party Complaint Dkt. # 67.] Points replies that the Robinson-Patman Act only applies to the sale or purchase of tangible goods, not intangible property such as frequent flier miles. [Dkt. # 70.] Defendants ask the court to disregard judicial precedent, and apply the Act to the present facts. [Dkt. # 77.]

Section 2(c) of the Robinson-Patman Act only applies to the sale of "goods, wares, or merchandise". 15 U.S.C. 13(c). Section 2(e) only applies to a "commodity bought for resale." 15 U.S.C. 13(e). Courts across multiple jurisdictions, including the Ninth Circuit, have held that the Robinson-Patman Act does not apply to intangible goods or services.[5] Frequent flyer miles are not a tangible good.

Defendants do not argue that the statute as interpreted is applicable to this case, but instead argue that because courts have interpreted the Act, this Court is free to reinterpret the Act to fit different criteria. [Dkt. # 77.] The Court is bound by precedent as to Defendants' Section 2(c) claims[6], however, and it is not the place of this Court to read an entirely new meaning into a well-adjudicated statute.

Relief is not available to Defendants under the Robinson-Patman Act as a matter of law. Defendants'

---

[5]*May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1214-15 (9th Cir. 1980) (holding that Section 2(c) only applies to tangible products); *See also World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 425 F. Supp. 2d 484, 504 (S.D.N.Y. 2006) (outlining cases which hold that the Robinson-Patman Act does not apply to intangibles or services, from multiple jurisdictions including the Ninth Circuit).

[6]*May Dep't Store v. Graphic Process Co.*, 637 F.2d at 1214-15.

Robinson-Patman Act claims against Points are therefore DISMISSED.

### V. CONCLUSION

Points International's 12(b)(6) motion for dismissal of Defendants' Third Party Claims against Points is GRANTED, and those claims are DISMISSED.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2008.

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE