UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska corporation,<br><br>                      Plaintiff,<br><br>  v.<br><br>BRADLEY CAREY and CELESTE CAREY, husband and wife and the marital community composed thereof, and CAREY TRAVEL, INC., a Washington corporation<br><br>       Defendants, Counterclaimants<br>         and Third Party Plaintiffs,<br><br>vs.<br><br>POINTS INTERNATIONAL LTD.,<br><br>       Third Party Defendant. | No. C07-5711 RBL<br><br>**STIPULATED PROTECTIVE ORDER** |

      Plaintiffs Alaska Airlines, Inc. and Defendants Bradley Carey and Celeste Carey; and Carey Travel, Inc., by and between themselves, and through their respective counsel, pursuant

STIPULATED PROTECTIVE ORDER – Page 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

to Fed R. Civ. Proc. 26(c), stipulate that the following Protective Order should be entered in this action:

## STIPULATION

**Scope of Agreement**

1. This Agreement shall govern the use and disclosure of certain sensitive and confidential information designated in good faith by a party to this litigation as being "Confidential" or "Highly Confidential," as set forth below, and which is contained in (a) any documents, written discovery responses, or tangible evidence produced in this litigation by means of discovery and (b) any transcripts of depositions taken in this action. This Agreement establishes a procedure for the expeditious handing of such Confidential or Highly Confidential information; it shall not be construed as an agreement to or as creating any presumption on the confidentiality of any document.

2. The attorneys of record, and all others to whom any such designated Confidential or Highly Confidential information and material is disclosed, shall maintain such designated Confidential or Highly Confidential information and material in strict confidence, shall not disclose such designated Confidential or Highly Confidential information and material except in accordance with this Agreement, and shall use such designated Confidential or Highly Confidential information and material solely for this litigation. All produced Confidential or Highly Confidential information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential or Highly Confidential information and material shall be permitted only to persons properly having access thereto under the terms of this Agreement.

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Confidential Information**

3. Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential." Deposition testimony may be designated as "Confidential" by invoking this Agreement on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 5, below.

4. By designating materials as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive and confidential financial information, personal information, trade secrets, or other confidential information entitled to a protective order under Fed R. Civ. Proc. 26(c).

5. If depositions are conducted which involve Confidential information, each party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Confidential. Prior to the expiration of the ten (10) day period, the entire deposition transcript shall be treated as Confidential information.

6. Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

    6.1    Counsel for any party in this action, including in-house counsel, who is actively engaged in the prosecution or defense of this action;

    6.2    Other lawyers, secretaries, paralegal assistants, and clerical personnel employed by counsel who are actively engaged in assisting counsel (as

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

described in paragraph 6.1) with the prosecution or defense of this action;

6.3 Parties and directors, officers and employees of any party in this action (i) who are actively engaged in assisting counsel (as described in paragraph 6.1) with the prosecution or defense of this action, or (ii) who are being advised by counsel regarding this action, if the particular disclosure is reasonably necessary with regard to the legal advice being tendered.

6.4 Persons or entities noticed for depositions or designated as trial witnesses and their counsel to the extent reasonably and in good faith deemed necessary by counsel for any of the parties adequately to prepare such deponents and witnesses to testify. Prior to disclosure, the proposed recipient shall read and sign an agreement in writing in the form attached as Exhibit A, provided, however, that if such person is a current employee of the producing party subject to paragraph 6.3 above, no such agreement will be required;

6.5 The Court, Court personnel, and court reporters retained in connection with this action;

6.6 Experts retained by an attorney but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Agreement and Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing his intent to be bound by its terms, including his agreement not to divulge any Confidential information or material to any other person, his

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

agreement not to use any Confidential information or material for any purpose other than this litigation, his consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his agreement to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him and all copies thereof and (b) all reports, correspondence and other tangible things in his possession or control which contain any Confidential information, or material disclosed to such expert; and

6.7 Any person that a document on its face indicates has seen or been sent the document or a copy of it, such as authors, recipients, or signatories.

7. Nothing in this Agreement shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.

**Highly Confidential Information**

8. Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Highly Confidential information or material shall mark those portions of the material considered in good faith to be highly confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Highly Confidential – Attorneys' Eyes Only." Deposition testimony may be designated as "Highly Confidential" by invoking this Agreement on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 10, below.

9. By designating materials as Highly Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

sensitive and confidential proprietary and/or personal or medical information, including, without limitation, such information relating to third parties, entitled to a protective order under Fed R. Civ. Proc. 26(c).

10. If depositions are conducted which involve Highly Confidential information, each party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Highly Confidential. Prior to the expiration of the ten (10) day period, the entire deposition transcript shall be treated as Highly Confidential information.

11. Highly Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

    11.1  Counsel for any party in this action, including in-house counsel, who is actively engaged in the prosecution or defense of this action;

    11.2  Other lawyers, secretaries, paralegal assistants, and clerical personnel employed by counsel who are actively engaged in assisting counsel (as described in paragraph 11.1) with the prosecution or defense of this action;

    11.3  The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings;

    11.4  Experts retained by an attorney but only to the extent that the expert, prior to receiving any Highly Confidential information or material, has received a copy of this Agreement and Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing his intent to be bound by its terms, including his agreement not to divulge

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

any Highly Confidential information or material to any other person, his agreement not to use any Highly Confidential information or material for any purpose other than this litigation, his consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his agreement to return to the disclosing attorney with twenty (20) days after termination of this litigation (a) all documents and other material containing designated Highly Confidential information and material received by him and all copies thereof and (b) all reports, correspondence and other tangible things in his possession or control which contain any Highly Confidential information, or material disclosed to such expert;

11.5 Deponents whose depositions have actually been noticed and scheduled to be taken; provided, however, that written notice shall be provided by counsel for all parties at least 3 business days prior to any Highly Confidential documents being disclosed to any such deponent. The notice shall state the name of the deponent and his or her current employer, title, address and phone number and shall identify the highly confidential documents which will be disclosed. Prior written notice pursuant to this subparagraph need not be given if (i) the deponent is authorized to have access to highly confidential documents pursuant to one or more other provisions of this Order, or (ii) the deponent produced the Highly Confidential documents, or is a current employee of the party who produced the Highly Confidential documents to be disclosed. If any party objects to the disclosure of Highly Confidential

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

information to a deponent they may, either by expedited motion or expedited conference with the Court, seek the Court's assistance in resolving their objection. The party objecting shall state the reason for its objection in a writing provided to all parties prior to the expiration of the 3 business day period, and their intent to either file an expedited motion or seek an expedited conference with the Court to resolve the matter;

    11.6    The Court, Court personnel, and court reporters retained in connection with this action; and

    11.7    Any person that a document on its face indicates has seen or been sent the document or a copy of it, such as authors, recipients, or signatories.

12. Nothing in this Agreement shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.

**Other Provisions**

13. If any party believes that any document or information which is claimed to be Confidential or Highly Confidential does not contain confidential or highly confidential material, it may contest the applicability of this Agreement to such information by notifying the opposing party's counsel in writing and identifying the information contested. The parties shall have seven (7) days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within said period, the party seeking the protection shall have seven (7) additional days in which to make a motion for the protection of such document or information. The document or information that is subject to a dispute as to whether it is in fact Confidential or Highly Confidential, shall, until further order of the Court, be treated as

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

designated (Confidential or Highly Confidential) in accordance with the provisions of this Agreement.

14. Any party may seek an order of the Court modifying this order, seek greater or lesser protection for any information or material sought to be discovered, or seek an order pursuant to Fed R. Civ. Proc. 26(c) or other applicable rule or law that other Confidential or Highly Confidential information not be revealed.

15. In the event that any responsive document ("Document") contains a confidentiality or nondisclosure provision to which a party hereto is bound, the parties shall proceed as follows:

(a) The party under an obligation to produce the Document shall promptly notify the other parties to the Document of the request to produce the document in this litigation. If the other parties consent to the production of the document for use in this litigation, the document shall be produced, unless other grounds for refusal to produce the document exist. Such consent of the third party may be conditioned upon the document being produced either as Confidential or Highly Confidential hereunder.

(b) If the other party or parties to the Document refuse to waive the confidentiality or nondisclosure provision to allow the production of the document hereunder, even as conditioned above, or if the other party or parties to the Document fail to respond within fifteen (15) days of the producing party's request for waiver, the producing party shall provide written notice (the "Notice") to the requesting party of the existence of the confidentiality or nondisclosure provision in the responsive document. The Notice shall identify the document by name, a brief summary of the content of the document, and provide the name of the other party or parties to the contract, a contact person, address and telephone number for each of the other party or parties to the contract.

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(c) Either party may file a motion with this Court or in any other Court of competent jurisdiction to oppose or compel production of the Document.

16. The disclosure by the producing party of Confidential or Highly Confidential information or material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect to third parties, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Nothing in this Agreement shall be deemed to waive any claim of privilege or of work product immunity.

17. The parties are free to designate any document not filed with the Court as "Confidential" or "Highly Confidential" and limit its dissemination and use. However, any document filed with the Court is presumptively a public document. Consistent with court rules and recent case law, any party including Confidential or Highly Confidential documents or information with any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court, shall, by separate motion or stipulation, noted for hearing without oral argument seek an order from the Court permitting the Confidential or Highly Confidential information or material to be filed under seal, so that the Court may make particular findings justifying the limitation on public access as may be appropriate. As a guide for the parties, the Court shall (i) require the proponent of any sealing or redaction to make some showing of the need to do so; (ii) permit anyone present when the motion is made to object; (iii) perform an analysis of whether a requested limitation on access would be the least restrictive means available and effective in protecting the interests threatened, (iv) show that the court weighed the competing interests of parties and the public and considered the alternative and less restrictive methods, if any, and (v) enter an order that is no broader in its application or

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

duration than necessary to serve its purpose. The burden is on the party proposing that that the document be sealed to provide the needed information so that the Court can determine whether all, a portion, or none of the document may be filed under seal. Court findings and conclusions reflecting the same and authorizing any sealing or redaction must also be filed.

18. To expedite the production of information, the parties may inadvertently produce documents that are privileged, including but not limited to documents protected by attorney-client privilege or work product doctrine. Inadvertent production of privileged documents shall not be deemed a waiver of any applicable privilege. Upon discovery that privileged documents have inadvertently been produced, the producing party shall promptly notify the other parties. Upon such notification, the parties shall treat the documents as privileged unless and until the Court has sustained a challenge to the assertion of privilege. If no such motion is filed, all parties shall return to the producing party, or destroy, all copies of the privileged documents in their possession or in the possession of their counsel or any ether person under their control. Written confirmation of this return or destruction of documents shall be provided to the party asserting the privilege. If the parties do not agree that such documents are privileged, a motion asserting such a challenge must be filed within fourteen (14) days after a party receives a notice of a claim of inadvertent production of privileged documents. If no such motion is filed, all parties shall, within fourteen (14) days of receipt of notification of the inadvertent production, return to the producing party, or destroy, all copies of the privileged documents in their possession or in the possession if their counsel or any other person under their control. Written confirmation of this return or destruction of documents shall be provided to the party asserting the privilege.

19. Within sixty (60) days after the termination of this litigation, counsel of record shall (a) return all tangible documents and other material containing designated Confidential

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

or Highly Confidential information and material and copies thereof within such counsel's custody or control received from or by authorization of the producing party or its agents, and (b) serve upon the producing party a certification that this order has been fully complied with by such counsel unless there has been any noncompliance, in which event such counsel shall state fully in such certification the material facts and circumstances concerning any noncompliance.

20. The parties may at any time stipulate to a modification by the Court of this Agreement and Order as to any particular portion of the Confidential or Highly Confidential information or material, without affecting the continuing validity of this Agreement and Order as to any other Confidential or Highly Confidential information or material.

DATED: November 7, 2008

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**

By: /s/
Kelly B. Corr, WSBA No. 555
Steven W. Fogg, WSBA 23528
Attorneys for Plaintiffs

**WARREN & DUGGAN, PLLC**

By: /s/
Michael Warren, WSBA No. 14177
Attorneys for Defendants

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# ORDER

The Court having reviewed the foregoing Agreement of the parties, and being duly advised, the Court hereby orders pursuant to Fed Civ. R. Proc. 26(c) that the parties' disclosure and exchange of Confidential and Highly Confidential information, as defined herein, shall be governed by the terms of this Agreement, and this Agreement is hereby approved and entered by the Court.

Dated this 24th day of November, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

By: /s/
    Kelly B. Corr, WSBA No. 555
    Steven W. Fogg, WSBA 23528
    Attorneys for Plaintiffs

WARREN & DUGGAN, PLLC

By: /s/
    Michael Warren, WSBA No. 14177
    Attorneys for Defendants

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered in the matter of *, and has read and agrees to be bound by all of the provisions thereof. The undersigned agrees (i) not to divulge any Confidential or Highly Confidential information or material to any other person as designated and defined therein; (ii) not to use any such Confidential or Highly Confidential information or material for any purpose other than this litigation; (iii) to return to the disclosing attorney with twenty (20) days after termination of this litigation all documents and other material containing such designated Confidential or Highly Confidential information and material received by him or her and all copies thereof, and all reports, correspondence and other tangible things in his possession or control which contain any such Confidential or Highly Confidential information or material disclosed to him or her. In addition, the undersigned consents to the jurisdiction and contempt power of this Court with respect to the enforcement of the Stipulated Protective Order.

DATED this \_\_\_\_\_ day of _____, _____

_____

STIPULATED PROTECTIVE ORDER – Page 14

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900