HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY CAREY and CELESTE CAREY; CAREY TRAVEL, INC., a Washington corporation, <br><br> Defendants, Counterclaimants and Third Party Plaintiffs, <br><br> v. <br><br> POINTS INTERNATIONAL LTD., <br><br> Third Party Defendant. | Case No. C07-5711RBL <br><br><br> ORDER DENYING MOTION TO DISMISS |

THIS MATTER comes before the above-entitled Court on Defendants' Motion to Dismiss the State Law Provisions of Alaska Airlines' Amended Complaint for Lack of Subject Matter Jurisdiction [Dkt. #93]. The argument made by defendants is that the state law claims in the Amended Complaint are pre-empted by the Federal Airline Deregulation Act of 1978 (ADA), 49 U.S.C. §§41712(a) and 41713(b)(1). The Court has reviewed the materials submitted for and against the motion. Oral argument

ORDER
Page - 1

is not necessary for the Court to resolve the issues presented in the motion. For the following reasons, defendants' motion is **DENIED.**

## **DISCUSSION**

The underlying facts of this case are well-known to the parties and will not be repeated here.

The ADA has a preemption clause that reads as follows:

> "Except as provided in this subsection, a State, . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

49 U.S.C. § 41713(b)(1).

On July 11, 2008, this Court issued an order dismissing defendants' state counterclaims on the basis that the claims were preempted by the ADA [Dkt. #61]. The state claims of fraud, conversion, defamation, and tortious interference with business expectancy were part of the arsenal (in addition to federal antitrust claims) that defendants sought to employ in their effort to invalidate the means and methods by which Alaska Airlines operated its Frequent Flier Mileage Program. Inherent in the Court's decision was the recognition that the ADA preemption is not limited to state regulations targeting matters of price, route, or service of air carriers, but includes common law tort and contract actions that have a similar impact when used selectively by a litigant. See *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 388 (1992).

Defendants' theme in bringing the current motion is that "Pre-emption is a two-way street." [Defendants' Motion to Dismiss, p.1, Dkt. #93]. This "what's good for the goose is good for the gander" approach is countered by plaintiff's argument that "preemption applies only when the purpose of the federal statute is served by dismissal of the state claims." [Plaintiff Alaska Airline's Response, p.2, Dkt. #94]. Unfortunately, plaintiff fails to cite precedent for this sweeping "principle of law." At first blush, the plaintiff's argument appears to fly in the face of Supreme Court authority providing that <u>all</u> state laws

ORDER
Page - 2

"relating to" the rates, routes, or services of any air carrier are displaced by the ADA, even state laws that are consistent with ADA's substantive requirements. *Morales* at 386-387.

The Court's reading of Supreme Court, Circuit and District Court opinions, including *Morales, American Airlines v. Wolens*, 513 U.S. 219 (1995), *Charas v. Trans World Airlines, Inc.,* 160 F.3d 1259 (9th Cir. 1998), and *In re Air Transportation Excise Tax Litigation*, 37 F. Supp. 2d 1133, 1139 (D. Minn. 1999) convinces this Court that the clear line between state law claims that are and are not preempted is as follows:

(1) laws which have the effect of interfering with the ADA's purpose of achieving economic deregulation of the airline industry are preempted; and

(2) laws which bear too tenuous, remote or peripheral a relation to an airline's prices, routes or services to have an adverse effect on airline competition are not preempted.

Applying that test to the facts of this case, the Court is convinced that plaintiff's state law claims including fraud, aiding and abetting fraud, tortious interference with contractual relations and with business expectancy, unjust enrichment, breach of contract and violation of the Washington Consumer Protection Act bear too tenuous or remote a relation to Alaska Airline's prices, routes or services to warrant federal preemption. Accordingly, Defendants' Motion to Dismiss State Law Claims [Dkt. #93] is **DENIED.**

Dated this 19th day of March, 2009.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE