1  ``                                                      HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                        AT TACOMA

10   ALASKA AIRLINES, INC.,

11                                               Case No. C07-5711 RBL
                      Plaintiff,
12                                               ORDER GRANTING DEFENDANTS'
            v.                                   FRCP 56(F) MOTION FOR
13                                               CONTINUANCE

14   BRADLEY CAREY and CELESTE CAREY,
     and CAREY TRAVEL, INC., a Washington
15   corporation

16

17                    Defendants,
              Counterclaimants, and
18          Third Party Plaintiffs,

19            v.

20   POINTS INTERNATIONAL LTD.,

21                 Third Party Defendant.

22

23
            This matter comes before the Court on Defendants' FRCP 56(f) Motion to Continue.  For the reasons
24
     explained below, the Court GRANTS the motion.
25

26                                         **Background**

27       Alaska Airlines ("Alaska") operates a frequent flyer program, the Alaska Airlines Mileage Plan

28   Program ("Mileage Plan"), for the benefit of its consumers. [Dkt. # 1 at 2].   Customers may enroll in the

      ORDER
     Page - 1

Mileage Plan, which tracks the miles flown by a customer and converts them into credits called Mileage Plan

Miles ("Miles"). [*Id.*]. Members of the Mileage Plan may use their accumulated Miles to obtain Award

tickets, which amount to free air travel, in accordance with the rules, terms, and conditions of the Mileage

Plan. [*Id.*]. Alaska alleges that one of these conditions is a "no sale" rule that not only prohibits members

from selling, purchasing or bartering miles, but voids all tickets that are obtained in this manner. [*Id.* at 4]

Alaska alleges that Defendants have made a business out of breaking this rule. On December 27, 2007

Alaska filed this lawsuit against Bradley and Celeste Carey, as well as their travel agency, Carey Travel

("Defendants"), complaining that Defendants have purchased Miles from Mileage Plan members and

arranged for the illicit sale of Award tickets without compensating Alaska–and with the knowledge that this

violated Alaska's Mileage Plan rules and that the tickets were void. [*Id.*]. Alaska brought claims against

Defendants related to alleged fraud in connection with protected computers, common law fraud, consumer

fraud violating the Washington Consumer Protection Act, tortious interference with contractual relations and

business expectancy, unjust enrichment, aiding and abetting fraud, and breach of contract. [*See* Dkt. # 1].

Plaintiffs seek an injunction prohibiting further purchase or sale of Mileage Plan Miles, as well as damages.

Defendants brought counterclaims against Alaska and third parties, alleging that Alaska and its

alleged coconspirators violate antitrust laws by restricting the secondary market for frequent flyer miles. [Dkt.

# 21 at 9-10]. In response to Alaska's allegations, Defendants assert that they have committed no wrong; in

fact, they argue that they have not violated any enforceable terms and conditions of Alaska's Mileage Plan

at all. [Dkt. # 21]. This Court dismissed Defendants' claims against all third parties except for antitrust claims

against Points International. [Dkt. # 61, 84].

On May 6, 2009, more than a year after discovery requests were served on Alaska, Defendants

allege that Alaska produced 2, 231 pages of documents. [Dkt. # 113 at 2]. On May 7, 2009, Alaska

moved for summary judgment and a permanent injunction. [Dkt. # 104]. Defendants moved for a 120-

day continuance under Fed. R. Civ. P. 56(f), claiming that they need more time to discover essential facts.

[Dkt. # 113]. Defendants claim that the documents they received shortly before Alaska moved for summary judgment were not responsive to their requests for production and that they were disorganized in violation of FRCP 34(b). Among the facts Defendants seek to discover are the terms and conditions of the Mileage Plan, as well as prior versions of the plan. Alaska responded to the motion, contending that Defendants should not be rewarded for sleeping on their discovery rights by a continuance and that counsel on both sides had agreed to produce documents on May 2, 2009–the date that Alaska alleges it did exchange documents with Defendants.

## Discussion

FRCP 56(f) provides that when a party opposing a motion for summary judgment:

> shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

The policy of adjudicating cases on their merits when possible favors liberally granting requests for continuances. A court does not abuse its discretion by denying a continuance where the requesting party has failed to pursue discovery diligently. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). Within a district court's discretion, however, is the ability to grant a continuance even where discovery has not been pursued with a vengeance sufficient to satisfy his opponent. In other words, a generous rather than miserly application of FRCP 56(f) is within the court's sound discretion when the requesting party makes a proper showing. The party requesting the continuance must show that it has (1) set forth in affidavits the specific facts they hope to discover, (2) that these facts exist, and (3) that they are *essential* to resist the summary judgment motion. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

In its affidavit accompanying its motion, Defendants set forth the specific facts they wish to discover. The affidavit specifies the documents that have not been produced and the ways in which they

are necessary to Alaska's claims and Defendants' defenses and/or counterclaims. [Dkt. # 114].

Defendants attach Alaska's and Points.com's responses to its interrogatories, which suggest that at least some of the facts it seeks exist.[1]

The parties' main point of disagreement is whether or not the facts Defendants seek are necessary to resist summary judgment. Defendants contend that all the information they seek is relevant to their claims and therefore necessary to resist summary judgment. Alaska disagrees, and especially objects to Defendants' conducting discovery relevant to Alaska's relationship with its business partners including Points.com. [Dkt. # 117 at 9]. The gist of Defendants' argument is that Alaska permits Points.com and other partners to broker its Miles while allegedly denying Defendants access to this market, in what Defendants assert is a violation of antitrust laws. Alaska rejoins that it *concedes* that it allows certain business partners to broker its Miles while simultaneously denying Defendants' the right to do so, and that it merely seeks summary judgment on the purely *legal* question of whether this rises to the level of an antitrust violation. Therefore, argues Alaska, discovery related to Defendants' claims is not essential for their opposition. [Dkt. # 117 at 10]. The Court finds Alaska's position persuasive on this point. However, Defendants seek at least some facts that *are* necessary for them to resist summary judgment. For example, the Defendants seek to discover the terms and conditions that they allegedly violated.

In its motion for summary judgment, Alaska contends that it issued warnings to Defendants, informing them that their actions violated the Terms and Conditions of the Mileage Plan. [Dkt. # 104 at 5]. "As a result," Alaska argues in its brief, "Carey understands to a certainty that he is violating the Terms and Conditions of Alaska Airline's Mileage Plan." [*Id.*]. This supposed "understanding" of Defendants is required for Alaska to prevail on its fraud claims. Defendants have consistently maintained that they did not *in fact* violate the Terms and Conditions, and warnings from Alaska to the contrary

---

[1]For example, Defendants' Request for Production No. 1 asked for all versions of Alaska's Terms and Conditions, which Alaska objected to on the ground that the request was vague, overbroad, and unduly burdensome. [Dkt. # 116 Ex. B at 5].

neither establish that Defendants did violate these terms, or that they understood themselves to be doing

so. Furthermore, information about the Terms and Conditions that were allegedly violated seems vital to

Defendants' defense on this point. Defendants have met their burden by identifying specific facts they

hope to discover that they require to oppose summary judgment.

**Conclusion**

Because the Defendants have not received information essential to opposing Alaska's summary

judgment motion, a FRCP 56(f) continuance is appropriate. Therefore, the Court GRANTS Defendants'

Motion for Continuance of Hearing on Summary Judgment Pursuant to FRCP 56(f) [Dkt. # 113], and

ORDERS that the hearing on Alaska's Motion for Summary Judgment [Dkt. # 104] be continued for 120

days.

Dated this 29th day of May, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE