UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALASKA AIRLINES, INC., | |
| Plaintiff, | Case No. C07-5711RBL |
| v. | ORDER ON PARTIES' RULE 37 SUBMISSION |
| BRADLEY CAREY and CELESTE CAREY; CAREY TRAVEL, INC., a Washington corporation, | |
| Defendants, Counterclaimants, and Third Party Plaintiffs. | |
| v. | |
| KYLE LEVINE; ANN ARDIZZONE; and POINTS INTERNATIONAL LTD., | |
| Third Party Defendants. | |

This matter comes before the Court on the Parties' Joint Submittal under Local Rule 37's discovery dispute resolution procedure. At issue are the Carey's discovery requests to Alaska regarding, generally, the terms of the mileage plan agreement between Alaska and its customers, the fact and amount of the damages claimed by Alaska, and documents relating to Alaska's agreements with vendors regarding the award of miles. The Court is familiar with the parties' respective positions and the record, and rules on the outstanding disputes as follows:

ORDER
Page - 1

**A. The Careys' First set of Requests.**

**1. Terms and Conditions.**

The Careys' **Request for Production No. 1** (related to all versions of the terms and conditions of Alaska's mileage plan over time) is GRANTED. This ruling obviates the need for a ruling on **Request No. 2**; except that if Alaska's customers were not ever required to "sign" the "agreements" (as Alaska contends) then obviously Alaska is not required to produce the copies signed by the Careys.

**2.     Evidence of Damages.**

The Careys have propounded a variety of discovery requests seeking information about how their conduct has damaged Alaska. They seem to argue that Alaska could only have suffered damage as the result of Careys' allegedly illegal conduct if a full fare paying customer was displaced from a flight. It argues that if the flight was not full, the addition of Carey passengers did not cause Alaska any damages, beyond nominal food and fuel costs.

Alaska opposes any such discovery, relying instead on what it calls the well-established stowaway theory of damages – a theory that it has not articulated, nor supported with legal authority. The Careys argue that there is no well-established stowaway theory of damages, and that the "theory" has been used in a limited number of cases to establish the *fact* of damages (though not the amount) in the injunction context only. *See Northwest Airlines, Inc. v. The Ticket Exchange, Inc.,* 793 F.Supp. 976 (W.D. Wash 1992).

This dispute would be better resolved in the context of a dispositive motion, rather than a discovery battle. Suffice it to say, the Court is not convinced at this point that Alaska's right to recover damages is directly tied to its ability to show there were no vacant seats on any flight on which a "Carey passenger" obtained a seat. Nor is it convinced that Alaska is necessarily entitled to recover from Carey 100% of a full fare, without regard to the actual damages it has suffered in light of its yeld management system, government subsidies and the like. Accordingly, some discovery into these issues will be permitted:

Carey's Motion to Compel responses to **Requests for Production Nos. 10 and 11** (passenger manifests and information about which passenger paid how much for each seat) for every flight upon which a "Carey passenger" flew is overbroad and is DENIED.

Carey's Motion to Compel a response to **Request for Production No. 14** (information about Alaska's yield management system) is GRANTED.

### 3. Documents reflecting agreements relating to mileage transactions with vendors.

The Careys seek documents reflecting mileage transactions with the Washington State Lottery, Safeway, the Bank of America, and Points.com. This dispute was the subject of a prior Motion and a prior Order granting Carey's request for information about "reseller agreements." Alaska takes the position that the vendors other than Points are not "resellers" but are instead "partners." The documents are, however, relevant. The Motion to Compel responses to **Requests for Production Nos. 15,16, and 17** is GRANTED.

The Motion as it relates to **RFP No. 18** (documents reflecting agreements between Alaska and Points) is DENIED as MOOT.

The Careys also move to Compel the Production of Documents relating to award seats available between Anchorage and Adak in 2007 (**Request for Production No. 23**) and communications between and among employees related to these seats in 2007. The basis for this request is the Careys' claim that for some portion of the year, award ticket seats were not available on the Adak flight. The Careys allege that that was the result of Alaska's predatory effort to remove Carey from the market. Alaska claims it is too burdensome to pull the manifests for each of these flights, and that the information gleaned is not possibly relevant. It also claims there are unknowable reasons why a flight may not have seats available for award tickets, including cargo loading and capacity. The Careys point out that there are a maximum of 104 flights at issue. The Request for Production is GRANTED.

### 4. Other discovery disputes.

**Redactions.** The Careys argue that Alaska has improperly redacted the documents it has produced, including specifically financial terms of Alaska/Points miles sales. This issue does have the likelihood of leading to the discovery of admissible damage evidence,

**Corporate Form**. Carey's Motion to Compel an Answer to Interrogatory No. 10 (relating to evidence of abuse by the Careys of Carey Travel's corporate identity is GRANTED.

**Telephone Lines**. Carey's Motion to Compel and Answer to Interrogatory No. 15 (regarding the number of telephone lines utilized by Alaska) is DENIED.

**B.    The Careys' Second Set of Discovery Requests**.

The parties also have disputes over the Carey's second seet of discovery reqeusts, relating at least in part to the damages suffered and claimed by the Careys.

**Request for Production No. 4**. The Careys seek all documents reflecting the methodology and the "special charge" referenced in Alaska's 2001 SEC 10K filing. This filing relates to the way Alaska accounts for its mileage plan miles.   The Careys claim the documents are relevant to the damages it may have suffered, though it is not clear to the Court why this is so. There is a side issue as to the year the fling was made; the Careys initially sought information about a change in 2007, but Alaska contends and the Careys appear to concede that the "methodology" has not changed over the relevant time frame. The Motion to Compel a Response to Request for Production No.4 Is DENIED.

**Request for Production No. 7.**  The Careys seek information about the federal subsidies Alaska receives for providing airline access to Adak. They argue that the subsidy is directly relevant to Alaska's claimed damages. Alaska again relies on the "stowaway" theory of damages and claims the docuemnts are confidential. The former concern is addressed above; the latter is addressed by the Court's protective Order. The Motion to Compel on this point is GRANTED.

**Request for Production No. 8.**  This request seeks documents suporting Alaska's claimed damages. It is thus a broader version of Request Nos. 10 and 11 in the First set of Discovery, discussed above. While Alaska's ability to rely solely on the stowaway theory will not be resolved here, the Motion to Compel a Response to this Request is overbroad and is DENIED.

**Requests for Production Nos. 13 and 14.**  These Requests relate to the documents reflecting the revenue received by Alaska from co-branded credit cards and from Points.com. The Careys seek to use this information to explore Alaska's claim that it provided transportation to Carey's customers 'without compensation." The Careys contend that these documents will support the allegation that Alaska is in fact compensated for miles awarded through its co-branded credit cards and /or through Points.com. Alaska's response is the "stowaway theory" and a claim that the information is highly confidential. Both concerns are addressed above. The Motion to Compel Responses to these Requests is GRANTED.

**Request for Production No. 17.**  This Requests seeks documents reflecting communications with Points.com concerning brokerage of miles from any entity other than Points.com. Alaska has agreed to

produce, but according to the Careys has not yet produced, these documents. The Motion to Compel a Response to this Requests is GRANTED.

**Request for Production No. 19.** This Request seeks information about the "breakage" percentage used by Alaska. "Breakage" is, generally, the percentage of miles which are awarded but never used. The Careys claim that this number is currently 12% but that it changes over time. The Careys claim that the breakage information is necessary to evaluate Alaska's claimed damages. Alaska opposes this request, arguing again the stowaway theory of damages and the need for confidentiality. Both issues have been addressed previously. The Motion to Compel a Response to this Requests is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of September, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE