HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY CAREY and CELESTE CAREY, and CAREY TRAVEL, INC., a Washington corporation <br><br> Defendants, Counterclaimants, and Third Party Plaintiffs, <br><br> v. <br><br> POINTS INTERNATIONAL LTD., <br><br> Third Party Defendant. | No. C07-5711 RBL <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION** |

This matter is before the Court on Plaintiff Alaska Airlines, Inc.'s Motion for Summary Judgment and for Permanent Injunction [Dkt. #104, supplemented by Dkt. #176]. The Court has heard oral argument and considered all materials submitted by the parties, including:

[

1. Plaintiff's Motion for Summary Judgment and for Permanent Injunction;

2. Plaintiff's Supplemental Motion for Summary Judgment and for Permanent Injunction;

3. Defendants' Response to Plaintiff's Supplemental Motion for Summary Judgment and for Permanent Injunction;

4. Plaintiff's Reply in Support of Motion for Summary Judgment and for Permanent Injunction;

5. Defendants' Motions for: (1) Summary Judgment Dismissing Plaintiff's Claims on the Grounds that Plaintiff Has Not Been Damaged; (2) Dismissal of Plaintiff's 18 U.S.C. § 1030 Claims Pursuant to FRCP 12(b)(1) and Plaintiff's State Claims for Lack of Jurisdiction; (3) Summary Judgment Dismissing Plaintiff's Claims on the Grounds that Plaintiff's Mileage Plan Terms & Conditions is Not a Contract;

6. Plaintiff's Opposition to Defendants' Motions for Summary Judgment;

7. Defendants' Reply in Support of its Motions for Summary Judgment;

8. Defendants' Motion for Partial Summary Judgment Based Upon Admissions by Alaska and Points;

9. Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment; and

10. Defendants' Reply in Support of its Motion for Partial Summary Judgment.

And the accompanying declarations and exhibits in support of each.

Having considered the foregoing, the Court concludes that there are no genuine issues of material fact and concluding that Plaintiff Alaska Airlines is entitled to

[

Judgment as a matter of law. For the Reasons outlined at the October 15, 2009 oral argument[1] [*See* Transcript filed at Dkt. #215], the Defendants' Motion is GRANTED.

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of the federal question posed by Plaintiff's allegations of an 18 U.S.C. § 1030 violation. This Court has jurisdiction over the remainder of the claims by way of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Defendants practices constitute: (1) unjust enrichment; (2) common law fraud; (3) aiding and abetting fraud; (3) computer fraud under 18 U.S.C. § 1030; (4) tortious interference with contractual relations; (5) tortious interference with business expectancy; and (6) a violation of Washington's Consumer Protection Act, RCW 19.86 *et seq*.

3. Alaska Airlines has demonstrated a well-grounded fear that absent a permanent injunction, it will suffer actual and substantial injury through Defendants continued abuses of their Mileage Plan program.

4. Permitting Defendants to continue to purchase, sell, and barter Alaska Airlines' Miles and Awards tickets would not be in the public interest. A permanent injunction will not impose an undue hardship on any party and will not adversely affect the legitimate rights of third parties or the public. Alaska Airlines has shown that the balance of equities in this matter supports the issuance of a permanent injunction.

5. A party's agreement to participate in Alaska Airlines' Mileage Plan or to redeem Award travel through the Mileage Plan constitutes acceptance of Alaska Airlines'

---

[1] The Defendants filed a Notice of Intent to Seek Corrections of Transcript [Dkt. #217]. The proposed corrections appear to be well-taken, and the Court Reporter should make the corrections so that the transcript reflects accurately what was said in the hearing.

[

Terms and Conditions. The contract formed by this agreement is enforceable. It is not illusory nor unconscionable.

6. Defendants' contractually agreed to abide by the Alaska Airlines' Mileage Plan Terms and Conditions by participating in the Mileage Plan program and by redeeming Award travel through Alaska Airlines' website. Defendants' violated this contract when they bought, sold, and bartered miles and Award travel in violation of the Terms and Conditions.

7. Alaska Airlines maintains a legitimate right to restrict the transfer, sale, and barter of its Mileage Plan miles and Awards tickets. Accordingly, Defendants purchase, sale, and barter of Alaska Airlines' miles and Awards tickets does not constitute the conduct of business in a valid secondary market. Alaska Airlines is, therefore, not acting in violation of the Sherman Act or any other antitrust law by enforcing these provisions against Defendants.

8. Alaska Airlines' agreements with other airlines do not fix prices charged to consumers and, therefore, do not violate antitrust laws. Alaska Airlines' agreement(s) with Points.com constitutes a valid, vertical distribution relationship and is not in violation of the rule of reason. Therefore, it too does not violate antitrust laws.

Accordingly, IT IS ORDERED as follows:

Defendants Bradley Carey and Celeste Carey, and Carey Travel, Inc., a Washington corporation, and its agents, employees, successors, and all person in active concert and participation with it or them, are hereby permanently RESTRAINED, PROHIBITED, AND ENJOINED from:

- purchasing, selling, or bartering Alaska Airlines' Mileage Plan miles or awards (including tickets, upgrades, and any other benefit that may be obtained with Mileage Plan miles), except as permitted by the Mileage Plan Terms and Conditions;

[

- purchasing, selling, bartering or brokering any other pass or voucher redeemable for Alaska Airlines or Horizon Air flights that become void upon being purchased sold brokered or bartered, except as permitted by the Mileage Plan Terms and Conditions;

- assisting others to purchase, sell, broker or barter Alaska Airlines Mileage Plan miles or awards (including tickets, upgrades, and any other benefit that may be obtained with Mileage Plan miles), except as permitted by the Terms & Conditions;

- assisting others to purchase, sell, broker or barter travel on Alaska Airlines or Horizon Air that has been booked with another airline's frequent flyer program miles, except as permitted by the Mileage Plan Terms & Conditions;

- misrepresenting or assisting others to misrepresent their identities to Alaska Airlines, Horizon Air, whether in person over the telephone or through Alaska Airlines' or Horizon Air's websites; and

- engaging in any other conduct that is prohibited by the Terms & Conditions of the Alaska Airlines Mileage Plan program.

It is FURTHER ORDERED that

- Alaska Airlines shall not refuse to do business with Defendants to the extent the Defendants' actions or activities are not prohibited by the Alaska Airlines Mileage Plan's Terms & Conditions.

Defendants remaining counterclaims against Alaska Airlines and Points.com are also hereby DISMISSSED WITH PREJUDICE. This is a FINAL ORDER in this case, from which an appeal may be taken under 28 U.S.C. § 1291.

IT IS SO ORDERED

Dated this 30th day of October, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[