UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALASKA AIRLINES, INC.,

    Plaintiff,

v.

BRADLEY CAREY and CELESTE CAREY; CAREY TRAVEL, INC., a Washington corporation,

    Defendants, Counterclaimants, and Third Party Plaintiffs.

v.

POINTS INTERNATIONAL LTD.,

    Third Party Defendant.

Case No. C07-5711RBL

ORDER DENYING DEFENDANT'S MOTION FOR CONTEMPT

This matter comes before the Court on Defendants' Motion for Contempt [Dkt. # 244]. Defendants claim that Alaska violated the terms of the court's Injunction (granted in Alaska's favor) [Dkt. #225], specifically the portion that provided: "Alaska Airlines shall not refuse to do business with Defendants to the extent the Defendants' actions or activities are not prohibited by the Alaska Airlines Mileage Plan's Terms & Conditions."

Defendants claim Alaska violated this provision by refusing to honor a mileage ticket obtained by a fisherman, Roos, using the miles of another fisherman, Cline, with Brad Carey's assistance.

Defendants claim that the second fisherman "loaned" the first fisherman the miles, and that Carey

ORDER
Page - 1

did not profit from the transaction.  They acknowledge that the Injunction prohibits them from "buying selling brokering or bartering miles," but claim that Brad Carey does none of these things when he arranges mileage tickets for his customers.  They also argue that Alaska has terminated Carey's mileage plan membership and now refuses to do business with him beyond selling him revenue tickets, and that that refusal is damaging him $1000 per day.

Alaska argues that it has no obligation to extend the privileges of membership in its mileage plan to Carey, and that his efforts to procure mileage tickets using Alaska's system necessarily requires him to misrepresent his identity.  Alaska has therefore asked the Court to find Defendants in Contempt of the Injunction.

The Defendants' Motion for Contempt is DENIED. The Court will hear oral argument on Alaska's Motion for Contempt [Dkt. #251] on **March 16 at 10:00.**  The Parties should note that the Injunction was, from the court's perspective, a final judgment (except for Alaska's pending attorneys' fees request) and the Court did not and does not anticipate a continuing role as referee over each Alaska/Carey interaction.

IT IS SO ORDERED.

DATED this 2nd day of March, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE