# United States District Court
**WESTERN DISTRICT OF WASHINGTON**

JUDGMENT IN A CIVIL CASE

ALASKA AIRLINES, INC.,

      v.

CASE NUMBER:  C07-5711 RBL

BRADLEY CAREY and CELESTE CAREY, and
CAREY TRAVEL, INC., a Washington
corporation

[ √ ]  **Decision by Court.**  This action came under consideration before the Court.  The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

Defendants Bradley Carey and Celeste Carey, and Carey Travel, Inc., a Washington corporation, and its agents, employees, successors, and all persons in active concert and participation with it or them, are hereby permanently RESTRAINED, PROHIBITED, AND ENJOINED from:

- purchasing, selling, or bartering Alaska Airlines' Mileage Plan miles or awards (including tickets, upgrades, and any other benefit that may be obtained with Mileage Plan miles), except as permitted by the Mileage Plan Terms and Conditions;
- purchasing, selling, bartering or brokering any other pass or voucher redeemable for Alaska Airlines or Horizon Air flights that become void upon being purchased, sold, brokered or bartered, except as permitted by the Mileage Plan Terms and Conditions;
- assisting others to purchase, sell, broker or barter Alaska Airlines Mileage Plan miles or awards (including tickets, upgrades, and any other benefit that may be obtained with Mileage Plan miles), except as permitted by the Terms and Conditions;
- assisting others to purchase, sell, broker or barter travel on Alaska Airlines or Horizon Air that has been booked with another airline's frequent flyer program miles, except as permitted by the Mileage Plan Terms and Conditions;
- assisting others to purchase, sell, broker or barter travel on Alaska Airlines or Horizon Air that has been booked with another airline's frequent flyer program miles, except as permitted by the Mileage Plan

AO 450 (Rev. 5/85) (Mod. 10/93)  Judgment in a Civil Case ○         Alaska Airlines v. Carey

    Terms and Conditions;

- misrepresenting or assisting others to misrepresent their identities to Alaska Airlines, Horizon Air, whether in person over the telephone or through Alaska Airlines' or Horizon Air's websites; and engaging in any other conduct that is prohibited by the Terms and Conditions of the Alaska Airlines Mileage Plan program.

ADDITIONALLY, this Order REVISES the prior Order and Injunction [Dkt. #225] by REMOVING the following provision:

> "Alaska Airlines shall not refuse to do business with Defendants to the extent the Defendants' actions or activities are not prohibited by the Alaska Airlines Mileage Plan's Terms & Conditions."

This provision was intended to establish a "boundary marker" as to the limits of the injunction; it was to make clear that the Carey Defendants were not enjoined from participating in the Alaska Mileage Plan in accordance with its Terms and Conditions. It was not intended to convey to the Carey Defendants certain rights or to impose upon Alaska certain obligations which were not the subject of this litigation. For the reasons outlined in Alaska's Response [Dkt. #277], the above-quoted sentence is REMOVED from the Order and Injunction.

It is FURTHER ORDERED that

• By stipulation of the parties, Defendants shall be permitted to use the Miles accrued to their Alaska Airlines account for personal travel in the calendar year 2010.

Defendants remaining counterclaims against Alaska Airlines and Points.com are also hereby DISMISSED WITH PREJUDICE. This is a FINAL ORDER in this case, from which an appeal may be taken under 28 U.S.C. § 1291.

*DATED :* June 2, 2010

                                       BRUCE  RIFKIN
                              *Clerk*

                                        /s/   Jean Boring
                              *(By) Deputy Clerk*, Jean Boring